## Wytheville.

### ORR v. CHANDLER.

#### June 19th, 1890.

TRUST DEED—*Sale—Change of terms—Case at bar.*—Where land, conveyed in trust to secure a bond, is required by the trust deed to be sold for cash, and by consent of the owner of the land, it is sold on credit at the instance of the surety on the bond, who is one of the purchasers at the sale: *held*, the latter cannot complain of the change of terms of sale.

Error to judgment of circuit court of Lee county, rendered September 6, 1888, in an action wherein Mary Chandler, the surviving personal representative of herself and John A. Chandler, deceased, the representatives of the estate of James' A. Chandler, deceased, was plaintiff, and the plaintiff in error, James W. Orr, surviving obligor of himself and A. J. B. McElroy, deceased, was defendant. Opinion states the case.

*Patrick Hagan*, for the plaintiff in error.

*A. S. Pridemore*, for the defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action of debt on a bond brought by Mary Chandler, surviving personal representative of James Chandler, deceased, against James W. Orr, surviving obligor of himself and A. J. B. McElroy, deceased.

The pertinent facts in the case are these: On the 4th day of

February, 1871, A. J. B. McElroy and J. W. Orr, executed their bond to James Chandler for $1,000, payable one year after date, with interest at the rate of twelve per cent. per annum. And to further secure this debt, McElroy executed a deed of trust conveying a piece of land in Lee county, known as the "Gray Place," to S. D. McElroy, trustee. The debt was not paid at maturity. Shortly thereafter, McElroy, James Chandler, and S. D. McElroy, the trustee, having all, in the meanwhile, died, C. T. Duncan was substituted as trustee. Subsequently Mrs. Mary Chandler, who had qualified as one of the personal representatives of her husband, James Chandler, became possessed of the bond as part of her distributive share of her husband's estate. James W. Orr, the security to the bond, qualified as administrator of A. J. B. McElroy, and proceeded to sell the real estate of his decedent for the payment of debts; and, amongst other pieces of property, the Gray tract, which by the terms of the deed of trust was to be sold for cash, was sold with the consent of Mrs. Chandler, upon a credit of one, two, and three years, with interest at the rate of six per centum per annum, from the day of sale. And the inference is irresistible from what appears in the record, that Mrs. Chandler was induced to give her consent to this change in the terms of sale, simply from a desire to aid in the procurement of the best price for the land, and to favor the security, James W. Orr, who was also one of the purchasers, but who had never paid up what he owed on account of his purchase when this writ of error was taken in 1889, although his purchase was made ten years before.

The Gray place sold for the net sum of $1,458 54.

The contention of the plaintiff in error is that Mrs. Chandler's bond should be credited with the said sum of $1,458 54, as of the 3d day of March, 1879, the day of sale, although only bearing six per cent. interest, and that by so doing the debt will be extinguished.

But we regard this view as clearly untenable. It is plain,

as we have before intimated, not only that Mrs. Chandler was induced to agree to sale on credit to favor Orr, with his knowledge—tacit assent. And that he certainly, and in all probability, the estate of his decedent, have been benefitted by the change in the terms of sale. And of course he cannot be permitted now to complain of a change which was made with his assent and partly for his benefit, nor heard to assert that this change deprived Mrs. Chandler of her rights under her contract. *Womack* v. *Paxton*, 84 Va., 9.

The judgment appealed from is plainly right and must be affirmed.

JUDGMENT AFFIRMED.